Judge STUCKY,
dissenting.
The goal of a court-martial is to seek justice, both for society and for the accused. When a court-martial fails to attain that goal, the commander-in-chief, relevant senior government leaders, and members of Congress may have a duty to speak out and provide the remedies justice requires. However, when they publieally castigate individual convening authorities because they disagree with how that convening authority exercised his or her statutory discretion and demand convening authorities exercise that discretion in a specific manner, they send a perceptible chill over the entire military justice system that may affect the right of an accused to a fair trial.
Nevertheless, I am unable to agree with the majority that the Secretary of the Air Force or the Chief of Staff of the Air Force actually or apparently unlawfully influenced Appellant’s court-martial. Article 37(a), UCMJ, provides, in part: “No person subject to this chapter may attempt to coerce or, by any unauthorized means, influence ... the action of any convening, approving, or reviewing authority with respect to his judicial acts.” 10 U.S.C. § 837(a) (2012). There is no evidence that the Secretary even knew of Appellant’s case, let alone that she tried to coerce or influence Lieutenant General (Lt Gen) Franklin’s referral decision. Instead, she merely exercised her lawful authority to remove a commander in whom she had lost confidence by giving him an ultimatum: retire or be fired. The Chief of Staff simply relayed the Secretary’s message. Therefore, I do not see this case as one involving unlawful influence.
After finding no actual unlawful influence, the majority concludes that there is the appearance of unlawful command influence. To reach its conclusion, the majority relies on a test that, by its own terms, makes little *254 sense: ‘“Thus, the appearance of unlawful command influence will exist where an objective, disinterested observer, fully informed of all the facts and circumstances, would harbor a significant doubt about the fairness of the proceeding.’ ” United States v. Boyce, 76 M.J. 242, 248-49, 2017 WL 2267276 (C.A.A.F. 2017) (quoting United States v. Lewis, 63 M.J. 406, 415 (C.A.A.F. 2006)). But it is difficult to understand how an objective, disinterested, fully informed observer, knowing that there is no actual unlawful influence, “would harbor a significant doubt about the fairness of the proceeding.”
Although the issue was not raised by Appellant, I believe Lt Gen Franklin was an “accuser” and, thus, disqualified from referring Appellant’s case to trial. A commanding officer who is an accuser may not convene a court-martial. Article 22(b), UCMJ, 10 U.S.C. § 822(b) (2012). “The term ‘accuser’ means a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn to by another, and any other person who has an interest other than an official interest in the prosecution of the accused.” Article 1(9), UCMJ, 10 U.S.C. § 801(9) (2012) (emphasis added). When the convening authority is an accuser, “the court shall be convened by superior competent authority.” Article 22(b), UCMJ; see United States v. Ashby, 68 M.J. 108, 131 (C.A.A.F. 2009) (explaining that a convening authority may become a de facto accuser if his interest in the case is other than official).
Under the facts of this case, as ably recounted in the majority opinion, Lt Gen Franklin was a de facto accuser. He had an interest in the case that was other than official, viz., at what grade he would be retired. In such circumstances, he was disqualified from referring the case to trial and should have sent Appellant’s case to a superi- or competent authority to determine whether to refer the case to trial. Rule for Courts-Martial (R.C.M.) 601(c) Discussion (“A convening authority who is disqualified may forward the charges and allied papers for disposition by competent authority superior in rank or command.”).
In this case, however, Lt Gen Franklin’s disqualification does not inure to Appellant’s benefit. Nonjurisdictional objections based on defects in the referral of charges must be made before trial. R.C.M. 905(b)(1). The disqualification of the convening authority is a nonjurisdictional defect. United States v. Schweitzer, 68 M.J. 133, 136 (C.A.A.F. 2009); United States v. Wilson, 21 M.J. 193, 197 (C.M.A 1986). Therefore, Appellant’s failure to raise the issue before pleas were entered constituted waiver. R.C.M. 905(e).
As Appellant is not entitled to relief, I respectfully dissent.